United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 26-5264** **September Term, 2026**

**1:25-cv-01775-BAH**

**Filed On:** September 29, 2026

Urban Sustainability Directors Network, et al.,

Appellees

v.

United States Department of Agriculture, et al.,

Appellants

**BEFORE:** Millett, Walker, and Childs, Circuit Judges

**O R D E R**

Upon consideration of the motion for stay pending appeal, the opposition thereto, and the reply, it is

**ORDERED** that the motion be denied. Appellants have not satisfied the stringent requirements for a stay pending appeal. See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2026). In particular, they have not demonstrated a likelihood of success on the merits of this appeal. The district court likely had jurisdiction over the relevant appellees' claims as from final determinations by the U.S. Department of Agriculture's National Appeals Division. See 7 U.S.C. § 6999; Deaf Smith Cnty. Grain Processors, Inc. v. Glickman, 162 F.3d 1206, 1211 (D.C. Cir. 1998). Those final determinations likely brought up for review the underlying award terminations. See 5 U.S.C. § 704; Bartlett v. USDA, 716 F.3d 464, 474 & n.4 (8th Cir. 2013). And in addressing the merits of appellees' claims in only a single page that is largely devoid of citations, appellants have not "made a strong showing" that they will likely prevail on those merits. Nken, 556 U.S. at 434 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). It is

**FURTHER ORDERED**, on the court's own motion, that the parties file motions to govern further proceedings in this appeal within 30 days of the date of this order. While not otherwise limited, the parties are directed to address whether—and, if so, how—the

court should coordinate this appeal with the pending first appeal in this case, Urban Sustainability Directors Network v. USDA, No. 25-5370.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY: /s/
Selena R. Gancasz
Deputy Clerk